Prentice *v.* Wilson et al.

---

FREDERICK R. PRENTICE, Appellant, *v.* THOMAS WILSON et al., Appellees.

### APPEAL FROM SCOTT.

Where a party acquires possession of land under an executory contract of purchase, the vendor cannot maintain ejectment, until after notice to quit, or demand of possession.

A purchaser may forfeit his right, and, if he does, the seller may regain possession by ejectment, without demand of possession or notice to quit.

THIS was an action of ejectment brought in the Hancock Circuit Court, and taken by change of venue to Scott County. The cause was by consent tried by the court, at May term, 1852, of the Scott court, WOODSON, Judge, presiding. A statement of the case is in the opinion of the court.

WILLIAMS and LAWRENCE, for the appellant.

BROWNING and BUSHNELL, and R. S. BLACKWELL, for appellees.

TREAT, C. J. This was an action of ejectment brought by Wilson and Greer against Prentice, to recover the possession of one hundred and seventy acres of land. It was commenced in April, 1840, and was heard by the court on the following evidence. 1. A written contract in these words: " Rec'd of Frederick R. Prentice four hundred and fifty dollars, in part pay for the N. E. of thirty-three, which we have this day sold,

and also 10 acres on lot 7 on 16, all in 7 N. 8 W., for ten dollars per acre, payable as follows: $450 as above, cash in hand; $400 the 10th of June, 1849; $400 the 10th of June, 1850; and $450 the 10th of June, 1851; with interest at 6 per cent. per annum from date, with each separate note; making $1,700 for 170 acres; and it is agreed that we make a warranty deed for the above land, and said Prentice gives us a mortgage to secure the payment of the above three notes, for $1,250 with interest. Nauvoo, Hancock county, August 14th, 1848. Wilson & Greer." 2. James Clark testified that he was present when the land was sold, and the contract was signed by the plaintiffs; the plaintiffs told the defendant that the title was defective, and he replied that he was willing to rely on their warranty deed with possession; the defendant went into possession shortly after the sale, and had since remained in possession; the plaintiffs had a tenant on the land, but made some arrangement with him by which the defendant was permitted to go into possession; in 1846, the plaintiffs purchased the land of persons in possession, and they afterwards bought in another title; in January, 1849, the witness, on behalf of the plaintiffs, tendered the defendant a deed for the land, which he refused to accept, on the ground that they had no title. 3. Joseph Wilson testified, that in the spring of 1849, the plaintiffs tendered the defendant a deed for the land, and he refused to receive it, and execute notes and a mortgage to secure the payment of the purchase-money; it was then agreed that the plaintiffs should procure the written opinion of Mr. Browning about the title by the 10th of June, 1849, and if the opinion was in favor of the title, the defendant was to accept the deed; the witness was present when the land was sold, and there was considerable conversation about the title; the plaintiffs frequently told the defendant that there was a link lost in the chain of title, and he replied that he was willing to rely on their warranty of the title. 4. A deed from the plaintiffs to the defendant for the land in question, bearing date the 30th of December, 1848, regularly acknowledged, and containing a covenant of general warranty. This was the deed alluded to by the witnesses.

The court found the issue for the plaintiffs, and rendered judgment in their favor.

As a general principle, where a party acquires the possession of land under an executory contract of purchase, the vendor cannot maintain ejectment against him, until he has demanded possession, or given him notice to quit. The possession of the purchaser being lawful in its inception, does not become wrong-

ful until he is called upon to restore it. Right *v.* Beard, 13 East, 210; Doe *v.* Jackson, 1. Barnwall & Creswell, 448; 1 Sugden on Vendors, 249. But the right to retain the possession may be forfeited by the purchaser. If he repudiates the contract under which he obtained the possession, or fails to comply with its terms, the seller is at liberty to treat the contract as rescinded, and regain the possession by an action of ejectment. In such case, neither a demand of possession, nor a notice to quit, is necessary. Jackson *v.* Miller, 7 Cowen, 747; Whiteside *v.* Jackson, 1 Wendell, 418; Baker *v.* Lessee of Gittings, 16 Ohio, 485.

In this case, the defendant entered into possession under a contract of purchase. By the terms of the contract, the plaintiffs were to convey the premises to the defendant by a deed of general warranty, before any of the deferred payments should become due; and, on the receipt of the deed, the defendant was to give notes for this portion of the consideration, and execute a mortgage on the land to secure their payment. Before the first instalment fell due, the plaintiffs executed such a deed, and tendered it to the defendant; but he refused to accept it, and execute the notes and mortgage for the purchase-money. *Primâ facie*, the plaintiffs were authorized to consider the contract as at an end, and bring ejectment to recover the possession. The possession of the defendant became tortious on his failure to perform the contract, and notice to quit was wholly unnecessary.

It is insisted, however, that the plaintiffs' title was defective, and therefore the defendant was not bound to accept the deed, and execute the notes and mortgage. The only evidence in the case tending to show that the title was imperfect, consisted of declarations made by the plaintiffs while the parties were negotiating, and before the contract was reduced to writing. There may be a question, whether these declarations were competent evidence. The statements of parties made before and at the time of the execution of a written contract, are generally inadmissible. But considering these declarations as legitimate evidence, they will not benefit the defendant. When informed by the plaintiffs that a link in the chain of title was lost, he said he would rely upon their warranty and possession. The same testimony which shows a defect in the title, equally shows that the defendant was not to take advantage of the defect to avoid a performance of the contract on his part. In any point of view, therefore, this position cannot be maintained.

But if the plaintiffs' title was defective, it may well be

doubted whether that fact would constitute any defence to this action. The action is not brought to enforce the contract, but to regain the possession acquired under it. It proceeds on the ground that the contract has been rescinded. The plaintiffs tendered a deed to the defendant, and called upon him to perform the contract. If the title was imperfect, he was at liberty to receive the deed, and rely for protection on the covenants of warranty, or disaffirm the contract, and recover back the money paid upon it. If he was unwilling to accept such a title as the plaintiffs could make, it was his duty to surrender the possession received under the contract. He could not withhold the possession, and at the same time refuse to perform the contract. If permitted to retain the possession under such circumstances, he might enjoy the land without paying the purchase-money. His possession might never be disturbed. The owner of the paramount title might never evict him.

The failure of the plaintiffs to procure the written opinion of counsel respecting their title, cannot be set up as a defence to the action. It was no part of the original contract, that the validity of the title should be determined by Mr. Browning. The promise to obtain his opinion was purely voluntary, and not founded on any new or valid consideration.

The judgment is affirmed.

*Judgment affirmed.*