## HORNE *v.* CARSTARPHEN, and *vice versa.*

1. In 1892 land was sold, bond for title given, part of the purchase-money paid in cash, and notes taken for the balance. When the last note fell due, the purchaser filed an equitable petition seeking to have it cancelled and the contract rescinded because of alleged false representations and promises as to the satisfaction of a mortgage given to a third party. The vendor filed a cross-petition and prayed for judgment on the note. A decree was rendered in 1899, that the vendor recover of the purchaser certain named amounts, and that execution issue therefor upon his filing with the clerk of the court a good and sufficient warranty deed.in fee simple to the lots sold. The vendor filed a warranty deed. The purchaser filed another equitable petition, seeking to enjoin the vendor from proceeding, alleging that the vendor did not have a good title, and that certain minors had an interest in the land. This court held that injunction should be granted. Another person, having succeeded to the rights of the vendor and taken an assignment of the judgment, perfected the title, became a party; and prayed to be allowed to proceed. The purchaser sought to set up. a depreciation in the value of the land' occurring between the date of the purchase and the decree of 1899. The court ruled that this could not be done. *Held*, that this ruling was correct.

2. The allegations seeking to set up a claim for attorney's fees and expenses were not sufficient to authorize a recovery thereof, and were properly stricken.

13

3. There was no error in the· rulings of the presiding judge, or in the decree entered, which requires a reversal.

Argued March 13,—Decided April 17, 1907.

· Equitable petition... Before Judge Felton.   Bibb superior court. April 27, 1906.        ·.  ,· ·

In 1892 Horne purchased from Rodgers certain land, paying a part of the· purchase-money in cash, giving notes for the balance, and receiving a bond for title.   When the last note fell due, Horne filed an equitable petition against Rodgers, seeking to have the note cancelled and the. contract rescinded because of alleged false representations and promises by Rodgers as to the satisfaction of a mortgage given by Rodgers to Carstarphen.   Rodgers filed an answer in the nature of a cross-bill and prayed for judgment on the note.   Pending the litigation it appeared that the mortgage had been discharged and cancelled.   A decree was rendered which contained the following: "Whereupon, it is considered, ordered, adjudged, and decreed by the court that the said A. M. Rodgers do recover of the said E. A. Horne [certain amounts], and the clerk of said court shall issue execution for said sums upon the said A. M. Rodgers filing with the clerk a good and sufficient warranty deed in fee simple to the lots herein described and set forth.   On payment of this judgment said Horne's title to said land shall be perfect from the date of his purchase of said land, to wit, May 4, 1892."   This decree was dated May 29, 1899.   Horne brought the case to this court.   The judgment was affirmed (110 *Ga.* 362), and Rodgers filed with the clerk of the superior court a warranty deed in fee simple, purporting to convey the land to Horne.   The latter refused to accept it, or to pay the amount fixed in the decree. He filed an equitable petition seeking an injunction, alleging that the title was defective· because of an interest which certain minors had in ₀the property. ·   The presiding judge refused the injunction.   Horne excepted, and the judgment was reversed (113 *Ga.* 224).   Afterwards Carstarphen was made a party defendant, and Rodgers having died insolvent and without administration, his name was stricken.·   Neither party objected.   Carstarphen had taken an assignment of the· judgment of Rodgers, and had taken up the claims of the minors in regard to the land and perfected the title.   On the,.trial, there. ·being no disputed facts, the court rendered a decree to the effect that Carstarphen was, the assignee

of the judgment in favor of Rodgers; that he had perfected the title; that the judgment be credited with a payment of $500 made March 30, 1905; that, subject to this credit, execution issue on the judgment, that it be first levied on the premises, and that if this should be insufficient it should proceed against other property of Horne. The facts are more fully reported in 110 *Ga.* and 113 *Ga.*, supra.

*Hugh V. Washington, John I. Hall,* and *Olin J. Wimberly,* for plaintiff.

*A. L. Miller, J. C. Morcock,* and *Hardeman & Jones,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.)    Many points are made in this case, but it is substantially controlled by one.    The decree rendered in 1899 fixed the amount then due by Horne to Rodgers, and gave judgment therefor.    So long as this decree remains of force, it is conclusive on that subject.    To permit parties to go behind it, and set up various pre-existing reasons to show that such amount was not due, would be in effect to give the decree no force.    If it is conclusive on any question, it is conclusive as to the amount then due.    In *Horne* v. *Rodgers,* 113 *Ga.* 224, the provision in the decree that execution should issue for the amount decreed, "upon the filing of a good and sufficient warranty deed in fee simple," was construed to mean that the vendor must tender a good and sufficient marketable title.    Without discussing this ruling as an original proposition, it stands as the law of this case.    It did not undertake to go behind the decree or to open up the whole controversy for a new litigation.    But this was the construction placed upon the decree itself.    In the decision, Simmons, C. J., said distinctly that Horne stood upon the decree, that the ruling was based upon it, and that "until the vendor filed a deed conveying such a title the vendee should not be compelled to pay." Accepting the construction thus placed upon it, it amounted to this: A certain sum was decreed in favor of Rodgers against Horne; and execution should issue therefor upon the filing by Rodgers of a good and sufficient warranty deed in fee simple to the land involved.    If Rodgers had immediately filed a good and sufficient warranty deed, it is quite clear that he would have been entitled to the amount adjudged in his favor, and that execution should have issued therefor.    This could not have been reduced by setting up the fact that, during the time intervening between the original

purchase and the decree, he had not had good title, and that there had been a depreciation in the value of the land. If after this decree Rodgers did not with reasonable promptness file a good and sufficient warranty deed, there would be reason for charging him with any injury resulting from the delay. Carstarphen, who had become the assignee of the judgment, was made a party without objection from either side. Rodgers died and was dropped from the litigation. The title was perfected so as to meet the requirement of the decree.

Counsel for Horne have argued, with much earnestness and citation of authority, that, under the contract of sale in view of the want of perfect title in the vendor and the depreciation in value, a specific performance would not be decreed. But Carstarphen is not seeking specific performance of the contract of sale. He is the assignee of the judgment obtained by Rodgers, and he is seeking to collect it.

The court held that interest should be abated from the time of the decree until the title was perfected, and appeared to be of the opinion that Carstarphen would be accountable if there was any depreciation between the date of the decree and the time of the perfection of the title. But it was conceded that there was none. This being true, Horne suffered no injury by reason of the delay after the decree, construed as it has been by this court, and he lost no more than if the title had been made perfect immediately upon its rendition. The allegations of Horne in regard to attorney's fees and expenses were not sufficient to authorize their recovery, and there was no error in so holding.

It may have been an unfortunate purchase for Mr. Horne to have bought property in 1892 of the value of $1,500, which he alleged depreciated until, in 1899, it was only worth $400. But he had some seven years to ascertain this depreciation, and, if it had furnished any good defense to set up as against his indebtedness, this should have been done before the decree. In 110 *Ga.* 362, 366, it appears that an effort was made to show such depreciation, but the evidence was held to have been properly rejected. To allow the purchaser to assert first one defense against that suit, then another defense against the carrying out of the decree, and finally to go behind the decree, practically disregard it altogether, and set up this defense, would be to leave that protracted litiga-

tion, and the judgment terminating it, as substantially without any effect at all. Having thus disposed of the kernel of the case, we deem it unnecessary to consider at length the other exceptions which envelope it like a husk. Without discussing the other grounds, therefore, in detail, we think there was no error requiring a reversal. The previous decisions growing out of this matter will be found in 103 *Ga.* 649, 110 *Ga.* 362, 113 *Ga.* 224.

*Judgment, on main bill of exceptions, affirmed; cross-bill dismissed. Fish, C. J., absent. The other Justices concur.*