ARTHUR E. DONEGAN, *Plaintiff in Error*, v. DEKLE IN-VESTMENT COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed January 26, 1917.

Where a declaration alleges that the maker signed and delivered a promissory note, as the same is set out in the declaration, a cause of action is stated.

Writ of Error to Circuit Court for Osceola County; Jas. W. Perkins, Judge.

·Judgment affirmed.

*Johnston & Garrett,* for Plaintiff in·Error;

*Whitaker, Himes & Whitaker,* for Defendant in Error.

WHITFIELD, J.—The Dekle Investment Company brought an action on a promissory note and alleged in effect that R. D. Waring joined by Mary E. Waring, his wife, for value received, signed and delivered to South Florida Lumber Company, a corporation, a promissory note as follows:

"1000.00

"Kissimmee, Fla., June 5, 1914.

"One year after date we promise to pay to the order of South Florida Lumber Company $1000.00, One Thousand no/100 Dollars at the Citizens Bank of Kissimmee, Kissimmee, Florida, for value received, with interest at the rate of ten per cent. per annum, after date, until fully paid.    Interest payable quarterly.

"The maker and endorsers of this note severally waive presentment for payment and notice of dishonor hereof; and should it become necessary to collect this note through an attorney, either of us, whether maker, security or endorser on this note, hereby agrees to pay all costs of such collection, including an attorney's fee of ten per cent. hereof.

"R. D. Waring,
"Mary E. Waring."

It is further alleged that after the making and delivery of the note, the defendant, Arthur E. Donegan, endorsed the note and afterwards said South Florida Lumber Com-

pany, the payee, endorsed the note to the plaintiff who became and is the holder thereof; that neither R. D. Waring nor the South Florida Lumber Company nor the defendant nor any other person has paid the note or any part thereof, and it remains wholly due and unpaid with interest, except that interest to March 5, 1915, has been paid; that a reasonable attorney's fee is due, etc. A second count declared on a similar note. A demurrer to the declaration was overruled. There was judgment for the plaintiff, and the defendant took writ of error.

It is argued that the declaration does not contain necessary positive allegations that Waring promised to pay to the order of the South Florida Lumber Company $1000.00 one year after date; that Waring agreed to pay interest or attorney fees; that the South Florida Lumber Company or defendant agreed to pay an attorney's fee.

The allegation that Waring signed and delivered the note set out in the declaration is a sufficient allegation that Waring promised to pay as stated in the note and that he agreed to pay interest and a reasonable attorney fee as stipulated in the note.

As it is alleged that the South Florida Lumber Company and the defendant endorsed the note, their liability on the note as endorsers "according to its tenor" under the statute sufficiently appears. Sec. 2999 Gen. Stats. of 1906, Compiled Laws of 1914.

All the "vital averments" are "positively alleged" since the allegations of the signing and delivery and of the endorsement of the note as set out in the pleading are sufficient allegations of the obligations of the defendant as an endorser.

Judgment affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and EL-
LIS, JJ., concur.