T. R. KNIGHT and WILLIAM G. JUST, *Plaintiffs in Error*, vs. EQUITABLE BANK & TRUST COMPANY OF MIAMI, a Florida Corporation, *Defendant in Error*.

136 So. 248.

Division A.

Opinion filed July 9, 1931.

454

*Patterson & Knight,* and *Wisehart & Gay,* for Plaintiffs in Error;

*Marshall F. Sanders,* for Defendant in Error.

BUFORD, C.J.—In this case the defendant in error sued the plaintiff in error to enforce the collection of two promissory notes. The declaration alleges that G. A. Worley, Jr., executed the notes on a certain date; that the notes were payable on or before a certain date thereafter; that the notes were executed and delivered by the said Worley to the defendants and that the notes have passed from the defendants to successive owners and holders thereof down to and including the plaintiffs.

It is further alleged that the defendants endorsed the notes to the Tamiami Banking Company, which in due course of business endorsed the same to the Biscayne Trust Company and First Trust & Savings Bank, as Trustees, who in due course of business endorsed the same to M. F. Sanders, Receiver for Ta-Miami Banking Company, who in due course and under authority of the Comptroller and an order of the Circuit Court of Dade County, Florida, endorsed the same to the plaintiff which is now the owner and holder thereof; that all endorsements were before maturity and for value.

The notes were attached to the declaration.

The assignments of error presented to this Court are based, one upon the action of the court in overruling a demurrer to the declaration, and another upon the action of the court in granting a motion to strike pleas which were interposed by the defendants. The endorsement on the notes here under consideration was as follows:

"Pay to the order of First Trust & Savings Bank and

Biscayne Trust Co., as Trustee. Ta-Miami Banking Co. J. E. King, Cashier. Without Recourse, pay to the order of M. F. Sanders, Receiver for Ta-Miami Banking Co., Miami, Fla. Biscayne Trust Co., as Trustee, By C. E. Klugh, Treas.

"First Trust & Savings Bank, as Trustee, C. M. Lindblom, V. P. Pay to the order of Equitable Bank & Trust Co., Miami, Fla. *M. F. Saunders,* M. F. Sanders, as Receiver for Ta-Miami Banking Co."

The demurrer was properly overruled under authority of the opinion in the case of Donegan v. Dekle Investment Co., 73 Fla. 139, 74 Sou. 11; also Gregory vs. McNealy, 12 Fla. 578.

The motion was to strike pleas numbered 2, 3, and 4 to the first count of the declaration and pleas numbered 2, 3, and 4 to the second count of the declaration.

Plea numbered 2 interposed by Just to the first count of the declaration was as follows:

"That the said G. A. Worley, Jr. prior to the filing of said suit, entered into an agreement which relieved the endorsers of their liability herein sued upon."

Pleas numbered 3 and 4 to the first count of the declaration were as follows:

"That the Biscayne Trust Company and First Trust & Savings Bank, as Trustees did not transfer or endorse the note sued upon or either of them in due course, and this defendant says that said Trustees held said notes under a restrictive endorsement and had no authority to transfer and endorse the same.

4th. That M. F. Sanders did not transfer or endorse the note sued upon or either of them in due course, and this defendant says that said M. F. Sanders held said note or notes under a restrictive endorsement and had no authority to transfer or endorse the same."

Pleas to the second count were to like effect.

The further motion was to strike the second and third pleas of the defendant Knight to each count of the declaration. The second and third pleas interposed by Knight were as follows:

"That Biscayne Trust Company and First Trust and Savings Bank, as Trustees, did not transfer or endorse the notes sued upon, or either of them, in due course, and defendant says that said Trustees held said notes under restrictive endorsement and had no authority to transfer or endorse the same.

3. That M. F. Sanders, Receiver for Tamiami Banking Company, did not transfer or endorse the notes sued upon, or either of them, in due course, and defendant says that the said M. F. Sanders, as Receiver as aforesaid, held the said notes under restrictive endorsement and had no authority to transfer or endorse the same.''

Motion to strike the pleas of Just was as follows:

..."*AS TO THE SECOND PLEA TO THE FIRST COUNT.*

1. The said plea neither confesses, denies nor avoids the cause of action.

2. That no agreement whatsoever made by G. A. Worley, Jr., could constitute a binding release of the defendants as against the plaintiff, unless it is expressly shown that the said G. A. Worley, Jr., was the owner and holder of the notes at the time of the release.

3. That the mere statement as contained in said plea is insufficient to bring to the attention of this court facts which in law would constitute a release, it being necessary that the details of the agreement be set forth and a copy of same attached to and made a part of the pleas.

AS TO THE THIRD AND FOURTH PLEAS TO THE FIRST COUNT, *TO BE APPLIED JOINTLY AND SEVERALLY TO SAID PLEAS.*

1. That the same do not confess, deny or avoid the cause of action.

2. That the same state immaterial facts which cannot raise an issue upon the trial of this cause.

3. That said pleas fail to show any legal reason why the plaintiff cannot sue upon the note.

4. That the said pleas fail to show facts restricting the respective endorsers in the endorsement and transfer of said note.

5. That the said pleas fail to show facts which would

prevent this defendant from maintaining this action.

6. That said pleas are frivolous.''

The grounds for striking pleas to the second count were identical with those interposed for striking pleas to the first count.

The motion to strike the pleas of the defendant Knight was based upon the following grounds:

"1. That the same do not confess, deny or avoid the cause of action.

2. That the same states immaterial facts which cannot raise an issue upon trial of this cause.

3. That said pleas fail to show any legal reason why the plaintiff cannot sue upon the note.

4. That the said pleas fail to show facts restricting the respective endorsers in the endorsement and transfer of said note.

5. That the said pleas fail to show facts which would prevent this defendant from maintaining this action.

6. That said pleas are frivolous.''

The motion was properly granted under authority of the opinion in the case of McCallum, et al. vs. Driggs, 35 Fla. 277, 17 Sou. 407; Brown vs. First National Bank, 86 Fla. 198, 97 Sou. 351; Chas. Valentine vs. Wm. F. Hayes, filed at this term of the Court.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD AND TERRELL, J.J., concur.

ELLIS, BROWN AND DAVIS, J.J., concur specially.

BROWN, J., (Concurring) : I do not think an endorsement to a corporation or a person, with the words ''as trustee'', after the name, is a restrictive endorsement of a negotiable instrument within the meaning of sections 6796, 6797, C. G. L. To have that effect, the endorsement must go to the extent of vesting the title in the indorsee ''in trust for or to the use of some other person,'' naming such person. See also 8 C. J., 364, et seq.

TERRELL AND DAVIS, J.J., concur.

ELLIS, J.—I think pleas numbered 3 and 4 were defective in not averring the facts which constitute a restrictive endorsement.