HENRY D. PIPER v. COOPER-ATHA-BAR REAL ESTATE & MORTGAGE COMPANY.

151 So. 495.

Division A.

Opinion Filed December 21, 1933.

*Bainum & Bainum,* for Plaintiff in Error;

*Giles & Gurney,* for Defendant in Error.

DAVIS, C. J.—Suit at law was brought in the Circuit Court of Orange County to recover the amount due as the unpaid purchase price of lands contracted in writing to be sold to the defendant, and delivered into his possession, but as to which the title deeds had not passed because of the provisions of the contracts of purchase to the effect that deeds should not pass until all installment notes had been fully paid. The contracts defined the terms of the purchase and the amounts to be paid. At the trial plaintiff obtained a directed verdict for the unpaid amounts due under the written contracts and notes sued on, but the court required the plaintiff in the suit to make out and deposit with the clerk a good and sufficient warranty deed to the premises whose purchase price was represented thereby, before permitting plaintiff to obtain issuance of any execution to enforce the judgment against the defendant vendee, who was allowed thirty days in which to pay the judgment and take up the deed after the warranty deed should be deposited as provided in the court's order.

Where a contract of sale is executory, and covenant to convey and covenant to pay purchase money are dependent, vendor on vendee's breach of the contract can only recover damages since the title to the land can only pass by deed, and a recovery of the purchase money will leave the title still in the vendor. Woods-Hoskins-Young Co. v. Dittmar, 102 Fla. 1000, 136 Sou. Rep. 710.

But where a purchaser of realty enters into possession of the premises under a written contract and pursuant to the giving of promissory notes in connection therewith for the

price of the land involved, in an action on the contract and notes for the purchase price, the plaintiff need not allege a tender of a deed, thereby casting on the purchaser the burden of alleging and proving failure of consideration of the deed in case of failure to obtain the title. The reason assigned for this rule is that the purchaser having executed promissory notes evidencing the last installment of a purchase price of real property, *the possession of which has been delivered to him* under an agreement that upon payment of the note he shall receive a deed to the premises, such possession must be presumed to be of some value, and hence the note is not wholly without consideration, even if it should be found that the vendor's title is defective, in which case the vendor may maintain an action on such note without alleging in the complaint a tender of the deed, thereby casting upon the purchaser the burden of alleging and proving the failure of consideration of the note *pro tanto*. Sayre v. Mohney, 35 Ore. 141, 56 Pac. Rep. 526; Helvenstein v. Higgason, 35 Ala. 259; Davidson v. Dingeldine, 295 Ill. 367, 129 N. E. 79.

The above rule would seem logically to apply with equal reason to those cases where there is a written contract of sale accompanied by promissory notes signed by the purchaser, for the purchase price of the land, where the purchaser has been let into the possession of the land because of his execution of the contract and the notes, and the action is upon the contract and notes, as is the case now before us.

The provision for stay of execution was for the vendee's benefit, and if available as ground of complaint at all, must be decided adversely to plaintiff in error on the authority of Horne v. Carstarphen, 128 Ga. 193, 57 S. E. Rep. 238; United States Installment Realty Co. v. DeLancy Co.,

152 Minn. 78, 188 N. W. 212; Noyes v. Brown, 142 Minn. 211, 171 N. W. Rep. 803; Loud v. Pomona Land & Water Co., 153 U. S. 564, 14 Sup. Ct. Rep. 928, 38 L. Ed. 822. See also Smalley v. Sovereign Finance Co., 102 Fla. 32, 135 Sou. Rep. 558.

The other propositions argued have been examined but we find no reversible error.

Affirmed.

WHITFIELD and BUFORD, J. J., concur.

TERRELL, J., concurs in conclusion.

ELLIS, J., dissents.

BROWN, J., absent on account of illness.

ELLIS, J. (dissenting).—I do not agree to the disposition which has been made of this case by the majority of the members of the Court participating in the consideration of it.

The declaration does not state a cause of action such as is stated in the opinion by the Chief Justice, with whose reasoning based upon that statement, I agree. But it does not lie within the power of this Court to state a cause of action for the plaintiff from the evidence in the case. It is an elementary principle of judicial procedure that the plaintiff must recover if at all upon the case made by his declaration, not upon the case made by the evidence if that case is not stated in the declaration. See Ingram-Dekle Lumber Co. v. Geiger, 71 Fla. 390, 71 South. Rep. 552, Ann. Cas. 1918 A 971n.

This rule has been so often recognized by this Court and the reason for it so generally respected that further citations are unnecessary. If that rule did not obtain, if litigants were not required to state with a reasonable degree of certainty the causes of their complaints or their defenses but were permitted to proceed in an inartificial and un-scientific way in the matter of the pleadings, judicial trials

from the standpoint of our institutions would be a farce and courts would become mere commissions of arbitration without any of the elements of a court of judicature except the power to decide.

The declaration in this case states no cause of action. It is impossible to determine from its language whether the pleader declares on a contract and seeks damages for its breach or whether he sues upon three promissory notes. Certainly there is not a suggestion in the declaration about the balance due as "unpaid purchase price of lands contracted (for) in writing." There is no allegation of any breach of a contract except the failure to pay the notes which were "specified" in the written instrument. There is no suggestion in the declaration that possession of the land had been delivered into the possession of the defendant, nor that title deeds had not passed to him.

If the plaintiff wished to bring his action on promissory notes each note should have been made the subject of a separate count, because any plea must go to the entire count, not to a part of it. If two or more notes are included in one count, how may a good defense to one of them be pleaded? If it wished to sue upon the contract it should declare upon it either by way of a declaration on simple contract or in covenant as the nature of the contract required.

The circuit court had no power to proceed with the hearing and determination of the matters presented by the documents constituting the pleadings in this case, because until a case is stated and issue is joined between the parties there is no case for the exercise of the judicial power. I deem it to be of the greatest importance to the preservation of our judicial system that causes presented in court should be determined according to the rules of pleading and pro-

cedure, which are designed to enable litigants to present to the court with reasonable certainty the points of controversy between them. For a court to take the papers in a record, consisting of statements as to claims and statements as to why they have not been paid, and the so-called evidence which has been introduced pro and con, and undertake to state a cause of action and construct a defense to it for the parties is not within the power of the court in the first place and sets up a government by men instead of by rule which is sometimes called substantial justice.

I think the judgment should be reversed on the ground that no case was tried by the court.