Coral Gables, Inc., *v.* Jones et al., Exrs., Appellants.

Argued May 12, 1936.   Before KEPHART, C. J., SCHAF-
FER, MAXEY, LINN, STERN and BARNES, JJ.

*Oliver K. Eaton,* with him *Thomas C. Jones, Jr.,* for
appellants.

*William S. Doty,* with him *Thomas A. Thornton,* of
*Doty & Thornton,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, October 5, 1936:
This is an action of assumpsit on a promissory note.
The jury rendered a verdict in defendants' favor.   The
court below entered judgment for plaintiff non obstante
veredicto.   Defendants appeal.

On November 12, 1925, Morris L. Kelley entered into
a contract with the Coral Gables Corporation for the
purchase from it of a piece of land at Coral Gables,
Florida.   The purchase price was $15,000, of which he
paid down $3,750 and gave his note for the balance,
$11,250, which was payable in thirty-six monthly install-
ments of $312.50.   The last payment became due on No-
vember 12, 1928.   Kelley made payments on account un-
til the note was reduced to $10,000.   His last payment
was on March 3, 1926.   Kelley having died, the plaintiff,

Coral Gables, Inc., endorsee of the note, brought this suit against his executors to recover the amount due on it, with interest at the rate lawful in the State of Florida.

On December 1, 1925, after the note was given, the Coral Gables Corporation mortgaged by a deed of trust the property which it had contracted to sell to Kelley, together with other real estate, to the Biscayne Trust Company and A. J. Orme as trustees. The amount of the mortgage was $375,000. The note here in suit and the contract of sale out of which it grew were pledged in the mortgage to the trustees. The note was endorsed by the Coral Gables Corporation, "Coral Gables Corporation By F. W. Webster, Vice President," and delivered to the trustees. This mortgage was satisfied on April 20, 1927. A new mortgage was then given by the Coral Gables Corporation to the Biscayne Trust Company as sole trustee in the sum of $750,000. This mortgage covered the Kelley land. His note and contract of purchase were therein pledged. They had continued in the possession of the Trust Company from the time the original mortgage was executed.

On March 9, 1929, Coral Gables Corporation conveyed the land which Kelley had contracted to buy, together with other real estate, to the plaintiff, Coral Gables, Inc. On April 1, 1929, the Biscayne Trust Company sold to it his note. Coral Gables, Inc., is a corporation formed by bondholder creditors of Coral Gables Corporation.

In the mortgage for $750,000 Kelley is set forth as the purchaser of the land covered by his contract, the balance due by him is stated and it is further set forth that notice to the world is given that the agreement of sale to him constitutes a prior obligation on the part of Coral Gables Corporation to convey the lot to him when the covenants and conditions in the agreement are complied with. When the money due by Kelley for the land was paid, the Trust Company was authorized to give the necessary receipts and acquittances. On January 12, 1932,

before this suit was brought, the Kelley land was released from the lien of the $750,000 mortgage.

A fair construction of the contract of sale between Coral Gables Corporation and Kelley indicates that he was entitled to go into possession of the land without payment in full of the purchase price and without delivery of the deed. There was testimony, which was not contradicted, that a tender of the deed was made the day before this suit was brought. While it is argued that, as the jury found there was no tender before suit, this fact is not established; it is not denied, however, that tender of a deed was made. Whether this was before or after suit brought makes no difference under the law of Florida in the situation presented by this record. The contract of sale was made in that State and the note was there executed. The law of Florida, therefore, governs. Under it, where the purchaser of land has been let into possession, it is not necessary to show tender of deed before suit for the purchase price: *Piper v. Cooper-Atha-Bar Real Estate & Mortgage Co.*, 113 Fla. 327, 151 So. 495, decided December 21, 1933.

Under the acts as above outlined, it is difficult to see how Kelley's estate can escape payment of the note which he signed. If either of the mortgages which his vendor, Coral Gables Corporation, gave, remained a lien on the land payment might be successfully denied, but they do not. The first one was satisfied and the second one was released before the estate was called upon to pay.

Appellants argue through their able advocate who presented their contentions at our bar (who did not appear in the case below) that the action, although upon the note and not the contract, is in effect one for specific performance: *McClenachan v. Malis*, 310 Pa. 99, 164 Atl. 780; *Heights Land Co. v. Swengel's Est.*, 319 Pa. 298, 179 Atl. 431; that the contract for the sale of the land and the note are one transaction. This would seem to be a debatable proposition under Florida law, but as-

suming that the argument is well founded, specific performance can be and will be carried out under the order we shall make. As before stated, the mortgages are out of the way. Kelley's rights were reserved in both of them. So far as the record shows there is nothing to prevent plaintiff from conveying good title to defendants. Unless it can make such a grant, Kelley's estate will not have to pay the judgment, and if it does so, the grantees will get just what their decedent bargained for.

It is urged upon us that the endorsement upon the note was restrictive under the terms of the Negotiable Instrument Law (The Florida statute is similar to ours) because the endorsement was in fact to a trustee. The question of restrictive endorsement was not raised in the court below. This being so it cannot be availed of before us: *Maguire v. Wheeler*, 317 Pa. 193, 176 Atl. 441; *Brown v. Castle Shannon Boro.*, 318 Pa. 363, 178 Atl. 678; *Gordon v. Hartford Sterling Co.*, 319 Pa. 174, 179 Atl. 234; *Fleming v. Adamson*, 321 Pa. 28, 182 Atl. 518. But we fail to see how it can be said that the endorsement is a restrictive one. The note was endorsed generally. To be restrictive the restriction must appear in the endorsement itself. The provisions of the statute (Act of May 16, 1901, P. L. 194, Sec. 36, page 200, 56 PS, section 88) relating to restrictive endorsements are as follows: "An indorsement is restrictive which either: 1. Prohibits the further negotiation of the instrument; or, 2. Constitutes the indorsee the agent of the indorser; or, 3. Vests the title in the indorsee in trust for, or to the use of, some other person. But the mere absence of words implying power to negotiate does not make an indorsement restrictive." There is nothing in this language which makes an endorsement such as the one before us, which is in blank, a restrictive one. In addition, section 31 of the act says: "The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement." Under

the law of the State of Florida even an endorsement to a person "as trustee" is not a restrictive endorsement. To be restrictive the endorsement must go to the extent of vesting the title in the endorsee "in trust for or to the use of some other person": *Knight v. Equitable Bank & Trust Co.*, 102 Fla. 453, 136 So. 248. However, even assuming that the endorsement is restrictive, the result in this case would not be altered. Section 37 of the act provides that the restrictive endorsee can bring any action that his endorser can bring. We fail to see any facts which would bar the endorser, the Coral Gables Corporation, from recovery.

It is contended that there can be no recovery because the Coral Gables Corporation conveyed the property to the Coral Gables, Inc.: *Brodhead v. Reinbold*, 200 Pa. 618, 50 Atl. 229. By its terms the contract of sale between Kelley and the Coral Gables Corporation was assignable. Kelley's rights were reserved in the deed by the Coral Gables Corporation, and Coral Gables, Inc., took subject to them. It is true that the defendants are entitled to the warranties of the original vendor. The deed, however, from the Coral Gables Corporation to Coral Gables, Inc., was a warranty deed. The covenants therein will run with the land and accrue to the benefit of the defendants: *Le Ray de Chaumont v. Forsythe*, 2 P. & W. 507; *Tiffany on Real Property*, section 456. In addition, the plaintiff now offers a conveyance to the defendants of the land in which the Garalco Corporation (the new name of the Coral Gables Corporation) will join. Under such circumstances the fact that the title is now in the plaintiff and not in the original vendor is no bar to recovery.

Laches was not set up as a defense in the lower court. It is here for the first time argued as a bar to recovery. This new position is not maintainable under the authorities heretofore cited.

We are of opinion that the defendants have no valid defense; the judgment must, therefore, be affirmed. The

court will stay execution on the judgment until a convey-
ance vesting a good and marketable title in defendants
clear of encumbrances is made by Coral Gables, Inc.,
and the Garalco Corporation.

Judgment affirmed.