## Payne's Estate.

204    535
30 SC  609

*Decedent's estates—Claim for services—Claim by daughter.*

Post-mortem claims against a decedent's estate are not regarded favorably and are to be closely scrutinized.    But if a contract be clearly established by evidence it will be enforced.

Where a married daughter living in her own separate home agrees with her father to take charge of her mother, an invalid, and does so faithfully until the mother's death, and there is evidence of an express contract on the part of the father to pay for the services at a rate to be fixed by the mother's physician, an award to the daughter based on the physician's testimony, of an amount less than half what the expense would have been in a hospital, will be sustained.

*Practice—Question not raised in court below.*

An objection that part of a claim is barred by the statute of limitations, not made in the court below will not be considered.

Argued Nov. 3, 1902.    Appeal, No. 74, Oct. T., 1902, by Harry H. Reed, executor, from decree of O. C. Allegheny Co., Sept. T., 1901, No. 211, dismissing exceptions to adjudication in estate of James Payne, deceased.    Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Exceptions to adjudication.    Before COHEN, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to adjudication.

*R. B. Petty*, with him *J. R. McQuaide*, for appellant.

*W. B. Rodgers*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, January 5, 1903 :

Post-mortem claims, especially by members of the decedent's family, are not favorably regarded.    Frequently if not generally they are the product of greed for money displayed after death

of the party best qualified to contest them, and are not creditable to human nature. For this reason they are to be closely scrutinized.

But in the present case the contract was clearly made out. The testator's wife requiring attention that he could not give her in his home the testator was advised by her physician to put her in a hospital. Being reluctant to do that, the present claimant, a married daughter living in her own separate home, agreed to take charge of her mother, and did so faithfully for more than four years, until the mother's death. There was an express contract to pay for these services at a rate to be fixed by the mother's physician. The judge below took the testimony of the physician and others on this point and made an award of somewhat less than half what the expense would have been in a hospital. Every element of a valid and complete contract was proved and we are unable to see that the court erred in any respect.

It is now objected that the services were rendered in large part more than six years before this claim was presented, and that a subsequent promise to pay did not sufficiently identify the debt to be valid. This point however was not made in the court below, which finds " that there is no effort to dispute the claim . . . . but the testimony goes entirely to the value of the services." As the court was not called upon to consider this point and did not pass upon it, we dismiss it without further discussion.

Appeal dismissed with costs.