De Vincentis et ux., Appellants, *v.* Holden et al.

Argued January 13, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY and DREW, JJ.

*Benjamin Sork,* with him *Arnold M. Blumberg* and *Samuel M. Brodsky,* for appellant.—The rule to open judgment should have been discharged: Eagler v. Cherewfka, 86 Pa. Superior Ct. 122; Shallcross v. Smith, 81 Pa. 132; Wiggins's App., 100 Pa. 155; Pier v. Siegal, 107 Pa. 502; Buckwalter Stove Co. v. Edmonds, 283 Pa. 236; Lutz v. Voulopos, 101 Pa. Superior Ct. 359; Cooke v. Jones, 10 Pa. Dist. R. 283; Punxsutawney Mut. B. & L. Assn. v. Gallo, 9 Pa. Dist. R. 761.

*John G. Kaufman,* with him *V. Gilpin Robinson,* for appellee.—The husband joining in the bond and mortgage was as a mere surety.

OPINION BY MR. JUSTICE SIMPSON, February 3, 1932:

Plaintiff appeals from an order of the court below opening a judgment, so far as concerns two of the judgment debtors. The order must be reversed.

Plaintiff was the owner of a plot of land, subject to a duly recorded blanket mortgage, dated May 7, 1926,

and payable five years thereafter. It stated that specified tracts would be released on the payment of specified sums. On March 28, 1929, plaintiff entered into a written agreement with Harry E. Holden, Philip Sklar and George R. Holden to sell to them one of these tracts for $42,000, the agreement stating that $1,500 would be paid at the time it was signed (which was done) ; that $22,-750 would be expended in obtaining the release from the blanket mortgage (this being the sum stated in it for the release of this tract) ; and $17,750 would be paid at the time of settlement, which was to be made within ninety days.

When the parties met for settlement on August 16, 1929, the purchasers were not able to make the payments agreed upon, and Harry E. Holden and Philip Sklar wished their wives to be substituted as purchasers in their stead. It was thereupon agreed, and the agreement carried into effect, that the deed should be made to Helen T. Holden, Rose Sklar and George R. Holden; that, instead of paying the entire final payment in cash, Harry R. Holden and Helen T., his wife, Philip Sklar and Rose, his wife, and George R. Holden should give to plaintiff $5,750 in cash, and a $12,000 bond and warrant of attorney, payable in one year, and also a mortgage of like date and amount executed by the same parties, payable at the same time, and secured on the land purchased; and that they should take the tract subject to the blanket mortgage.

On June 6, 1931 (both mortgages then being overdue), defendants had paid nothing on account of the blanket mortgage, and but $4,000 on account of plaintiff's mortgage, and interest was due on both mortgages. Plaintiff thereupon caused judgment to be entered on the bond and warrant of attorney, and issued execution thereon. Defendants then filed a petition for and obtained a rule to open the judgment, giving three reasons why this should be done.

They first alleged that the assessment of damages was excessive. This was admitted, and, by leave of court, the assessment was corrected to accord with defendants' contention.

They next asserted that a general judgment could not properly be entered against the two husbands, Harry R. Holden and Philip Sklar, since title was not made to them and they only joined in the mortgage because that instrument could not be effectively executed by their wives alone. This was the contention upon which the court below opened the judgment, yet it has not even the shadow of a legal foundation. That tribunal had no more right to deprive plaintiff of one of the securities given to her as consideration for her releasing the two husbands from their obligation to pay at once the whole of the $17,750, in accordance with the agreement of sale, than it had to deprive her of both securities. If the two husbands think they have any equity growing out of the fact that they only joined in the mortgage for the reason stated, they must work out that equity in other proceedings to which they and their wives are the only parties. The conclusions reached on this branch of the case are so fundamental that no authorities are needed to support them, but, as the husbands may not know this, they may profitably read the opinions in Wiggins's App., 100 Pa. 155; Punxsutawney Mutual B. & L. Assn. v. Gallo, 9 Pa. Dist. R. 761, and Cooke v. Jones, 10 Pa. Dist. R. 283. With these opinions we are in full accord.

Defendants finally contend that the judgment should be opened because, at the time of the conveyance, plaintiff "explained that they would not be harmed by taking subject to the blanket mortgage, because prior to the maturity of the second mortgage, which the purchasers were giving in the sum of $12,000, the first mortgage would be reduced to the release sum of $22,750, as specified in the agreement of sale." It is not pretended that the vendor assumed any liability as to this, and hence it was but a matter of opinion upon which no responsi-

bility could be based. Nor is it alleged that anything was omitted from or added to the bond, warrant of attorney or mortgage, by fraud, accident or mistake, and hence the alleged statement quoted, even if made, is a matter of no importance. It was argued that some equity might exist because the blanket mortgage was then overdue and hence its owner could no longer be compelled to accept the $22,750 and release the tract purchased by defendants. Since this, if true, arose by reason of their default in not paying that sum, as the agreement of sale specified they would, they cannot be heard to complain of it; but it was further answered by the fact that the owner of that encumbrance expressly agreed in writing, at the bar of the court below, to accept that sum from defendants and release their property. Unless, therefore, we should reach the absurd conclusion, which of course we cannot, that defendants were to have an indefinite time to pay the $22,750, which, by the agreement as originally made, they had agreed to pay in ninety days, this supposed reason for opening the judgment would necessarily amount to nothing. The court below did not sustain it, nor do we.

The order of the court below is reversed and the rule to open the judgment is discharged at the cost of appellees.