## Gross *v.* Belmont Laboratories, Inc., (et al., Aplnt.).

Argued May 11, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Lewis M. Stevens,* with him *Adolph Rosengarten, Jr.,* for appellant.—Evidence of the existence of fraud in the making of the written contract, or of a prior oral agreement between Gross and Heist is neither clear, nor precise, nor indubitable, and does not establish the existence of the fraud or of a prior oral agreement beyond a reasonable doubt: Rowand v. Finney, 96 Pa. 192; Boyertown National Bank v. Hartman, 147 Pa. 558; Highlands v. R. R. Co., 209 Pa. 286; Lindemann v. Rys., 251 Pa. 489; Ferguson Packing Co. v. Mihalic, 99 Pa. Superior Ct. 158.

*Charles A. Wolfe,* with him *Laurence H. Eldredge,* for appellee.—The evidence fully supports the chancellor's findings: Anderson v. Rys., 251 Pa. 517; Strader v. Monroe, 202 Pa. 626; Belmont Laboratories v. Heist, 300 Pa. 542; Darlington's Est., 147 Pa. 624; Stepp v. Frampton, 179 Pa. 284; Rutter v. Rutter, 292 Pa. 343.

Gross was not guilty of laches and that defense was not raised in the court below.

OPINION BY MR. JUSTICE LINN, June 30, 1932:

Plaintiff filed his bill against Belmont Laboratories, Inc., Stuart H. Heist and John B. Keenan, praying, inter alia, (1) for the reformation of a contract, by which certain property was transferred to defendant corporation in consideration of the issue of shares of stock to the vendor; (2) that Heist and Keenan be enjoined from transferring shares of stock in defendant corporation, and (3) that they be required to surrender their certificates of stock for cancellation. The right to relief was based on the fraud of Heist. No preliminary objections to the bill were made. The chancellor recommended a decree for plaintiff; exceptions were filed; after hearing, the court in banc dismissed them, affirmed the findings and conclusions of the chancellor and entered the decree recommended. Heist has appealed. Some phases of Heist's dealing with the defendant corporation were before this court in Belmont Laboratories, Inc., v. Heist, 300 Pa. 542, in which it was found necessary to restrain him from continuing certain fraudulent conduct there described.

It is unnecessary to state the averments made in the pleadings, nor will any good purpose be served by stating the evidence or findings in detail. Plaintiff had developed a valuable remedy, called Mazon; he was engaged in marketing it and desired money to enlarge the business. He met Heist, who agreed to put $10,000 into a corporation to be formed by him, to which plaintiff should transfer the formula, business and other property connected with the business, so that each would then have one-half the capital stock. It was agreed at Heist's request, that Keenan should be joined in the enterprise and should receive one share of stock from Heist. Heist instructed counsel to incorporate the company and to do what was necessary to transfer the business, etc. In June, 1926, the parties, in the office of counsel, took over the management of a corporation that had been organized for them, transferred the plaintiff's prop-

erty to the corporation and issued the certificates of stock, half to plaintiff and half to Heist. Heist neither subscribed for stock nor paid the $10,000 to the corporation.

Plaintiff was a chemist, "with very little business experience," as the chancellor found, who "left all financial matters and organization details to Heist." He trusted Heist, who was represented to be a business man of experience. Early in 1927 plaintiff, for the first time, learned that the contract of transfer to the corporation was not what had been agreed to by him and Heist but essentially different; that it was predicated on Heist's false representation of partnership with plaintiff; that the transfer purported to have been made by Heist and plaintiff as partners in the business of owning, making and selling Mazon, in consideration of the issue and delivery of the stock, one-half to plaintiff and the other half to Heist, who then transferred one share to Keenan. On learning of this, plaintiff took steps to obtain relief from the fraudulent conduct of Heist in procuring the transfer outlined. So far as appears, no interests other than those of the immediate parties are involved or affected by the decree. The chancellor, in finding that the fraud described was perpetrated on the plaintiff, expressly found that the evidence was clear, precise and indubitable; he, of course, in the first instance, was required to judge whether the evidence was sufficient to convince him beyond a reasonable doubt: Boyertown Nat. Bank v. Hartman 147 Pa. 558, 23 A. 842; Lukens v. Wharton Avenue Church, 296 Pa. 1, 6, 145 A. 587. Appellant's main contention is that the evidence was not clear, precise or indubitable. Various witnesses testified to it and circumstances strongly point to it. The findings and conclusions were approved by the court in banc. No reason has been suggested why we should not accept them: cf. Heist's former case, 300 Pa. 542, at 546, 151 A. 15. Having found the fraud, the reformation i. e., elimination of Heist as vendor, followed in the cir-

cumstances; as Heist had never paid anything for his stock, he should return the certificates for cancellation, as has been ordered. As Keenan has not appealed, we assume that he has returned the certificate held by him.

We need not consider what is said in appellant's brief about laches, because the point is made for the first time in this court; if appellant had any confidence in it, he should have raised it in the court below so that both sides might have presented such evidence as was then available on the subject.

The other criticisms of the decree are also without foundation. Heist's claim that he be permitted to get back $1,448.58 spent by him in and about affairs of the enterprise is allowed in the decree, requiring that payment be made to him upon the surrender to the defendant corporation of the certificates of stock.

The decree is affirmed at the costs of appellant.