Maguire *v.* Wheeler et al. (Walker et al., Appellants).

Argued December 6, 1934. Before FRAZER, C. J., KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Arthur S. Arnold* and *Clarence L. Walker, p. p.,* for appellants.

*William A. Carr,* and with him *Sidney L. Krauss,* for appellee.

OPINION BY MR. JUSTICE LINN, January 7, 1935:

The challenged decree was entered in proceedings supplementary to those reported in Maguire v. Wheeler et al., 300 Pa. 513, 150 A. 882, a suit for the reconveyance of real estate. Walker, one of the present appellants, was the appellant in that proceeding; Greater Philadelphia Realty Company, the other party now appealing, was not formally a party, but in fact prosecuted the defense in that case through its agent Walker. It is unnecessary to repeat the facts stated in the reported opinion. By the decree affirmed, Walker was directed within ten days to deliver to the plaintiff a deed for the property, to be held as security for the payment to her of $42,553.16 with interest as specified, with leave to foreclose after one month, in default of payment by Walker.

In the supplementary proceedings it appeared that Walker did not pay and that the property was sold as directed; it was purchased by plaintiff at a sum which, allowing necessary credits, the court found to be short of the amount Walker was directed to pay by $15,443.52. The supplemental proceeding began by plaintiff's petition alleging these facts and averring that Walker was a mere straw man for Greater Philadelphia Realty Company; that, though he held the title, the realty company took possession and operated the premises and wrongfully deprived petitioner of possession and use thereof,

etc. She averred that, when title was taken on behalf of the realty company, it was advised of Wheeler's fraud and, with full knowledge of her resulting rights, took title in Walker's name, thereby joining in the fraud. She averred that, not only was title taken with notice, but that the realty company employed counsel "to attempt by wrongful defense to defeat your petitioner's rights as to said property" and, during the period of occupancy, permitted it to get out of repair and to be wasted; that the conduct of Walker and the realty company was such conscious joinder in the fraud initiated by Wheeler as obligated Greater Philadelphia Realty Company to pay the deficiency resulting from her purchase of the property, for which, she averred, she paid the full present value.

A rule was granted on Walker and Greater Philadelphia Realty Company to show cause why they should not be required to pay the deficiency claimed. The rule was served, answers were filed by both appellants, issues of fact were raised and the right to bring in the Greater Philadelphia Realty Company as a party was challenged. Depositions were taken on the petition and answers, and an opinion was filed by the learned president judge of the court below, who had presided at the trial of the original case. He found that Walker was acting as agent for Greater Philadelphia Realty Company in the original litigation "before this court, conducting its entire defense in an effort to defeat the claim of the petitioner Mary Maguire. It also was represented by counsel in the appeal before the Supreme Court. It may not be truthfully said that it was a party unheard in the case. The Greater Philadelphia Realty Company was represented by counsel in the taking of depositions and counter-depositions also."

We agree there can be no doubt that the defense was conducted by and at the expense of Greater Philadelphia Realty Company, and that it is bound by the decree originally entered: Schmidt v. Ry. Co., 99 Ky. 143; Schmidt

v. Louisville C. & L. Ry. Co., 44 S. W. 130; Plumb v. Goodnow's Admr., 123 U. S. 560. In its argument, distinctions are drawn between the relation of trustee and cestui que trust and the relation of principal and agent. They are not material on this record. Even if the realty company had not conducted the defense, as it had a right to be heard and knew of the suit, it would be bound by the judgment: Robbins v. Chicago City, 71 U. S. 657; U. S. Nat. Bank of Portland v. Union Nat. Bank of Phila., 268 Pa. 147, 156, 110 A. 792. Although Walker is said to have executed a declaration of trust, the evidence shows that he was also the realty company's agent. He permitted and aided the company, in his capacity as a party defendant, to attempt to defeat plaintiff's effort to obtain relief from the fraudulent conduct of Wheeler in which it had joined. In such circumstances, there is no support for its assertion that it is a new party to the record, or that it should not be required to answer by rule to show cause in the supplementary proceeding in aid of executing the decree; the requirements of due process have been observed: Winton's App., 97 Pa. 385; Louisville & Nashville Ry. Co. v. Schmidt, 177 U. S. 230.

Appellant also contends there can be no money judgment against it. By the decree, which is not now open to review, appellants had the choice of repaying the money of which plaintiff was defrauded or of returning the security; they chose the latter alternative, but the security was depreciated and wasted when they returned it. Equity has power to require them to pay the difference. Laches was not raised below, and will therefore not be considered here: cf. Payne's Est., 204 Pa. 535, 54 A. 337; Kauffman v. Kauffman, 266 Pa. 270, 109 A. 640; Lehman v. Lehman, 29 Pa. Superior Ct. 60. Equity Rule 56, on which appellant relies, does not, and was not intended to, apply to a supplementary proceeding for the enforcement of a decree against a person subject to the jurisdiction of the court who had actively defended by its agent.

Complying with a suggestion made during the oral argument, and, as we understand it, made with the assent of all parties, the decree will be modified by eliminating therefrom Clarence L. Walker, appellant; as to Greater Philadelphia Realty Company, the decree is affirmed with costs.