## Heinz *v.* Ruffsdale Distilling Company, Appellant.

310

Argued April 24, 1936. Before Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*B. Robert Averbach,* for appellant.

*William H. Eckert,* with him *Smith, Buchanan, Scott & Ingersoll,* for appellee.

Per Curiam, June 26, 1936:

This is a proceeding in equity brought by the holder of a warehouse certificate issued April 25, 1918, by the Dillinger Distilling Company, of which the defendant is the successor, to compel the delivery of five barrels of Dillinger Pure Rye Whiskey. The certificate sets forth that the issuer of it has on storage in its warehouse five numbered barrels of whiskey which will be delivered on return of the certificate, payment of all taxes and charges due thereon, and storage at the rate of six cents the barrel per month. Defendant could not deliver the whiskey mentioned in the certificate, because without the consent of the owner it had removed the whiskey from the barrels and bottled it. The court in its decree required defendant to deliver bottled whiskey of like

kind upon payment by plaintiff of storage charges due defendant amounting to $321.91, taxes due, storage charges of another warehouse and delivery of the certificate. From this decree defendant appeals.

Defendant claimed charges against the whiskey amounting to $2,365.52, although the certificate requires no payment for any of the items claimed except the storage charge of six cents per barrel for each month. The learned and experienced chancellor who heard the case disallowed all of the charges except those for storage and taxes. Our careful study of the record convinces us that the disposition of the chancellor was proper and just.

Two questions are raised before us which were not submitted to the court below, one that the court should not have entered a decree for the specific whiskey which was awarded but for the value of the whiskey, and the other that the Act of July 18, 1935, P. L. 1246, Sec. 601 (b), 47 P. S., Secs. 744-602, reënacting and amending the Act of November 29, 1933, (Sp. S.), P. L. 15, Art. VI, Sec. 602 (b), stands in the way of carrying out the decree. Neither of these questions was raised in the court below and, therefore, will not be considered on appeal: *Henes v. McGovern*, 317 Pa. 302, 176 Atl. 503; *Webster's Est.*, 314 Pa. 233, 171 Atl. 476. So far as the cited act is concerned, it has no application to liquor "lawfully acquired prior to January 1, 1934." As to the decree for the delivery of the specific whiskey, the record shows that the defendant itself offered to have similar whiskey substituted for that which it had converted if the chancellor found in plaintiff's favor.

A further defense was interposed that suit had been brought on the certificate by a third party. It is sufficient to say about this that in a subsequent decree, on a motion for a rehearing, the chancellor sets forth that this suit was not authorized by the holder of the certificate and was nonsuited when tried.

Decree affirmed at appellant's cost.