Kweller, to use, Appellant, *v.* Becker.

Argued March 20, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Samuel M. Rosenzweig,* for appellant.

*Harry I. Miller,* with him *Lewis A. Weisberg,* for appellee.

OPINION BY MR. JUSTICE MAXEY, April 15, 1940:

This appeal is from an order opening judgment in the amount of $13,200 entered upon a warrant of at-

torney in a lease. The lease was executed on May 1, 1923, for a term of five years from that date at a rental of $9,000 payable in monthly installments of $150. The end of the term was April 30, 1928. The lease contains the following paragraph: "An additional term of five years more at termination of this lease is hereby granted tenant at a monthly rental of Two Hundred ($200.00) Dollars per month under same terms and conditions." The appellee contends that this provision was merely an option to the tenant to renew the lease at the end of the term. The rent was paid up to and including April 30, 1929. The defendant Becker remained on the premises as a tenant for approximately four years. He then sold the business to Julius Welker for the sum of $4,000. The landlord, Kweller, was notified of the sale. Rent for the premises was thereafter paid by Welker to Kweller. In August, 1929, a landlord's warrant was issued and a constable's sale was held. This realized $264.34. . On June 2, 1930, the mortgagee of the premises foreclosed on its mortgage and received a deed from the sheriff on June 30, 1930. Immediately after the first term of five years had expired, Kweller entered judgment by confession against Becker for the sum of $13,200, which amount was for "rent due from May 1, 1928, until April 30, 1933." In his petition to open judgment filed on April 19, 1939, Becker alleged that the provision of the lease, granting to him a further period of five additional years, was merely an option to be exercised by him if he wished to renew or extend the term of the lease. It was also alleged in the petition that inasmuch as the property was sold at sheriff's sale by foreclosure the plaintiff was not entitled to rent for the entire period and that the amount entered or claimed by plaintiff was erroneous. The plaintiff in his answer denied "that the provision of the lease as to the second five-year term was merely an option to rent the premises, but to the contrary was an absolute agreement to lease, which was accepted by the defendant." Testimony was

taken and after argument appellee's rule to open judgment was made absolute.

It is established in Pennsylvania that an application to open a judgment entered upon a warrant of attorney is an equitable proceeding, addressed to the sound discretion of the Court, and, on appeal, the courts will not reverse the court below except for a plain abuse of discretion. See *Stoner, to use, v. Wise,* 331 Pa. 446, 200 A. (2d) 320. It is the contention of appellant that where the present amount is established from the evidence the judgment should not be opened. Appellant cites the case of *Di Vincentis v. Holden,* 306 Pa. 212, 159 A. 27. In that case the question of excessive amount did not arise because the assessment was corrected to accord with defendant's contention. In the instant case no admission was made that a less amount was due than the amount of the judgment entered. Nowhere in the answer is it conceded that a lesser amount was due than was claimed. On the contrary, appellee's contention to that effect is denied. Paragraph 6 of the petition to open judgment sets forth, inter alia: "that the amount claimed by plaintiff is wrong and has no basis whatsoever." Plaintiff denies defendant's paragraph 6 and as answer thereto avers that "at the time judgment was entered the acceleration clause was clearly valid and permitted taking judgment for the entire period as set forth in the original judgment."

While appellant is willing to concede *at this time* that the full amount of the judgment is not due, this concession is belated. No stipulation has been entered into between the parties as to what amount is actually due. The court below found that the judgment entered against the defendant was not entered in the proper amount, and should be opened, and the defendant be permitted to assert a defense to the claim under the lease. The court also held that testimony would be required to aid in the construction of the provision for an additional term of five years at the termination of the first period.

Appellant also raised the question of laches. The præcipe for judgment in this case was filed on May 28, 1928. The petition for rule to show cause why judgment should not be opened was filed on April 19, 1939. The question of laches was not raised in answer to a petition to open judgment. This court said in *Gross v. Bellmont Laboratories, Inc.,* 308 Pa. 358, 162 A. 818, "if appellant had any confidence in it, [that is the contention as to laches] he should have raised it in the court below so that both sides might have presented such evidence as was then available on the subject." In *Miller Brothers et al. v. Keenan et al.,* 94 Pa. Sup. Ct. 79, 83, that court said: "While great laches or long delay in making an application to open a judgment is a circumstance of great weight against a petition, that is a matter for the consideration of the tribunal entertaining that proceeding."

The order of the court below was "we will refuse the motion to strike the judgment from the record, and permit the matter to be tried on its merits on our order opening the judgment." In this we find no abuse of discretion. The order is affirmed.