Huffman Estate (No. 3).

Argued January 3, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

60

*J. Julius Levy*, with him *William J. Maxey*, for appellant.

*David B. Skillman*, with him *Detleff A. Hansen*, for appellee.

OPINION BY MR. JUSTICE HUGHES, March 20, 1944:

The questions raised for disposition arise out of the audit of the estate of Harvey Huffman, deceased. The record discloses that Norman Huffman presented a book account for merchandise sold from his store to Harvey Huffman, amounting to $7,891.62, with interest. This account commenced February 22, 1925, and the last charge therein is dated November 24, 1938. Harvey Huffman died November 30, 1938. The claimant had used for keeping this account slips of paper which were normally used in what is called the McCaskey System. An examination of the slips of paper indicates they were not used in strict compliance with the plan laid out for that system of bookkeeping. That system required carrying forward the balance due from the last slip in use to the one in current use. While this occurred in some of the early years of the account, on the slip dated March 30, 1930, totaling $1,050.37, a balance was carried to the top of the slip dated May 15, 1930, of $1,984.67. There were no other intervening slips and there were no entries to support this variance. Other slips carried forward balances without any corresponding total appearing on the previous slips, and in later years the slips carried forward no

balance at all. Many erasures appear on the slips without a satisfactory explanation being offered for them. They also contain lumping charges for board of chauffeurs and employees, and other items, such as planting trees. If an attempt is made to place the slips in the order of their dates, the totals are confused; and if the totals are placed in order, then the dates of the charges become badly disarranged, some charges for later months in the year preceding those for earlier months. The auditor found that the slips taken together are unintelligible, that there are many erasures and much confusion in the account, and the testimony of the claimant shows that in many instances the charges were not for original entries. These findings are fully supported by the testimony.

The record discloses that the account kept by the claimant against his brother, Harvey Huffman, is such a confusion of slips of paper as to in no way accord with the orderly accounting system it was supposed to represent. Such a claim as here made should be guardedly received. "The authorities hold that the books must show they are kept in the regular routine of business. That is one of the greatest safeguards of the reliability of such evidence. Thus alterations or interlineations will discredit the book, and unless explained will keep it from the jury: *Churchman v. Smith,* 6 Wh. 146; its general character may be impeached by showing irregularities in other accounts than the one in issue: *Funk v. Ely et al.,* 45 Pa. 444; unconnected slips of paper showing charges are not admissible as a book of original entries: *Thompson v. McKelvy,* 13 S. & R. 126; entries, even in a regular book, are not evidence of the sale of an article not in the party's business: *Shoemaker v. Kellog,* 11 Pa. 310; *Stuckslager v. Neel,* 123 Pa. 53; and in *Smith v. Lane,* 12 S. & R. 80, it was said by Tilghman, C. J.: 'It is a great objection to these books that they do not contain a daily entry of the general transactions at the mill.' ": *Fulton's Estate,* 178 Pa. 78. The book account offered

in this case is subject to most of the foregoing objections.

The claimant also offered the book entries to refresh the memories of the clerks who testified. A reading of the record will show the case was not tried on that theory. The claimant took no exception to the failure of the auditor to allow the claim on the testimony of the clerks from memories refreshed by reference to entries while the witnesses were on the stand, and it is not stated as an assignment of error. This court has repeatedly held that questions not raised in the lower court will not be considered on appeal: *Henes v. McGovern, Admr.,* 317 Pa. 302, 305, 176 A. 503; *Heinz v. Ruffsdale Distilling Company,* 322 Pa. 309, 311, 185 A. 644. The claim on the book account was properly disallowed.

Harvey Huffman was an attorney at law and his brother, Norman Huffman, was one of his clients. As such, he handled a transaction in which Norman Huffman sold to William C. Williamson a tract of land. The sale price was $15,000.00. The transaction occurred September 27, 1929, and was concluded September 28, 1929. The facts show Norman Huffman received $700.00 on November 19, 1929, and $300.00 on February 19, 1930. After the payment of certain fees and costs there remained in the possession of Harvey Huffman, $12,581.60 of the purchase money. Interest calculated to the date of the audit brings the claim to $20,948.36. The claim is objected to on account of the running of the statute of limitations. This plea is well taken. It was pointed out in *Glenn v. Cuttle,* 2 Grant 273, 274: "An attorney in fact, who collects money for his principal, is bound to pay it over at once, and his neglect to do so is a breach of the implied contract, for which an action of *assumpsit* will lie. And as the Statute of Limitations operates on the remedy, it begins to run as soon as the right of action accrues. When the action has been delayed for more than six years, and the statute is pleaded, the burden of proving facts to resist its operation, or, in the usual phrase, to take the case out of the statute, is upon the plaintiff.

* * * I confess, I see no adequate ground for a distinction between attorneys in fact and attorneys at law. Diligence and skill in the collection, and promptness and fidelity in the paying over moneys, are required of both." On page 276 it is further stated: "Clients and principals, who employ attorneys, whether at law or in fact, like all other men, are bound to exercise reasonable diligence about their own affairs. The creditor, who allows his simple contract debts to run on, overdue, for more than six years, must charge their loss to his own negligence; so with the landowner, who delays his action against an intruder for twenty-one years; so with the constituent who neglects to call his agent or attorney to account. Statutes of Limitation are intended to promote promptness and punctuality in business; the settlement of claims while parties are alive; before papers are lost and witnesses die; and he who will not take the hint, must take the consequences." See also *Johnston v. McCain,* 188 Pa. 513, 41 A. 592; *Rhines v. Evans,* 66 Pa. 192, 194.

The claimant contends the statute of limitations was tolled by a new promise to pay. "To toll the statute of limitations there must be a clear and unequivocal acknowledgment of the debt and a specification of the amount or a reference to something by which the amount can be definitely ascertained, coupled with an express or implied promise to pay": *Markee v. Reyburn,* 258 Pa. 277, 101 A. 993; *Harbaugh's Estate,* 320 Pa. 209, 213, 182 A. 394. An examination of the testimony discloses no sufficiently proven facts to comply with the standard of evidence required for this purpose, and the auditor and the court below were correct in so holding.

The appellant claims the fee of $4,052.13 allowed by the auditor to the attorneys for the estate, is not fair and just. In the auditor's report, he states: "The auditor in listening to and reading the testimony, which covers 250 pages or more, is mindful of the many matters involved in the estate with which the attorneys were

concerned. In addition to the claim presented by Mr. Weiss for the former employees of the Analomink Paper Mills, and the Posten estate and the claims of Norman Huffman for the store bill which with interest amounted to $11,600., and the Williamson matter with interest amounted to $20,900., both the claims presented by Norman Huffman involved a considerable amount of detail and testimony and presented several legal problems. There were many conferences in person in Stroudsburg and elsewhere in Monroe County and the telephone conferences were many. As has been stated Mr. Skillman made more than forty trips to Stroudsburg. There are approximately one hundred days, part of which were devoted to this work by Messrs. LaBar and Skillman. * * * The service was rendered by attorneys who are experienced and thorough and skillful. After careful study of the testimony and the briefs it seems to the auditor under the circumstances of this case a fee of $4,000 with an allowance of the two items of expenses of $36.38 and $15.75, making a total of $52.13, for expenses, or a total distribution to them for the fees earned to date of $4,052.13 would be fair and reasonable compensation for the services rendered, and therefore the auditor finds that payment should be made to Messrs. Skillman and LaBar of $4,000 for services rendered and expenses $52.13, total $4,052.13." The auditor was competent to fix the value of services. Fees should be on a moderate scale of compensation, and none should be allowed but such as are fair and just: *Davidson's Estate,* 300 Pa. 26, 150 A. 152; *Crawford's Estate,* 307 Pa. 102, 111, 160 A. 585.

"The things to be taken into consideration in determining the compensation to be recovered by an attorney are the amount and character of the services rendered, the labor, the time, and trouble involved, the character and importance of the litigation, the amount of money or value of the property affected, the professional skill

and experience called for, and the standing of the attorney in his profession; to which may be added the general ability of the client to pay and the pecuniary benefit derived from the services": *Hanley v. Waxman*, 80 Pa. Superior Ct. 274, 276; *Robbins v. Weinstein*, 143 Pa. Superior Ct. 307, 314, 17 A. (2d) 629. Most of these factors have been considered in fixing the fee in this case and we shall not disturb it. The reasonableness of the fee is in the sound discretion of the court: *Robbins v. Weinstein* (supra).

Judgment affirmed.