Mullooly et al. *v.* Short, Appellant, et al.

Argued May 25, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Louis Vaira,* with him *A. W. Forsyth* and *Ray A. Liddle,* for appellant.

*William H. Eckert,* with him *Armin H. Friedman, Milton W. Lamproplos* and *Smith, Buchanan & Ingersoll,* for appellees.

OPINION BY MR. CHIEF JUSTICE DREW, June 26, 1950:

This appeal is from an order of the Court of Common Pleas of Allegheny County discharging defendant's rule for judgment on the whole record in an action arising from the filing of a mechanic's lien by plaintiffs.

Katherine Short, one of defendants, engaged Nicholas LeDonne, the other defendant, a contractor, to erect a building on land which she owned. LeDonne in turn entered into an oral contract with plaintiffs to install the plumbing and heating systems in that building. The material and labor were supplied by plaintiffs in accordance with the oral agreement and, when defendants defaulted after part payment, plaintiffs served notice on them of an intent to file a claim for a mechanic's lien. Defendant Short, following the procedure set forth in section 31, of the Act of June 4, 1901, P. L. 431 [1],

---

[1] "Any party named as a defendant in the claim filed, or admitted to defend thereagainst, may file as of course and serve a notice upon the claimant, . . . to issue a scire facias thereon within fifteen days after notice so to do."

promptly took a rule upon plaintiffs to issue a scire facias and, when they had complied therewith, filed an affidavit of defense, alleging, inter alia, that she had not had sufficient notice of an intention to file a lien as required by section 8 of the Act of 1901, supra, as amended.[2] Plaintiffs filed a reply traversing certain allegations of the affidavit of defense but did not deny the correctness of the copy of the notice of intention which defendant Short had submitted. Defendant Short then entered a rule for judgment on the whole record, specifying no reason, but at the argument relying on the contention that the notice of intention did not specify the nature of the labor and material furnished in sufficient detail to satisfy the requirements of section 8 of the Act of 1901, supra. This notice of intention set forth the sum still due, the date when materials and labor was last furnished and further stated: "That the contract under which the aforesaid work was done (or materials were furnished) was made with Nicholas Le Donne and the nature of the labor (or materials) furnished, as aforesaid was installation of complete plumbing and heating for entire building at 1316-1318 Fifth Avenue, McKeesport, Pennsylvania, including the furnishing of all material, equipment and labor in connection therewith."

The purpose of the required notice is to inform the owner of the demand and the nature thereof in order that he may protect himself in the manner provided in the Act. *Am. Car Co. v. Alexandria Water Co.*, 215 Pa. 520, 523, 64 A. 683. The question whether a particular notice contains language sufficiently descriptive to inform the owner of the nature of the demand is usually,

---

[2] "Any sub-contractor, intending to file a claim, must give to the owner written notice to that effect, verified by affidavit, setting forth the name of the party with whom he contracted, the amount alleged to be still due, the nature of the labor or materials furnished, and the date when the last work was done or last materials furnished."

of course, a close and difficult one. However, this Court has said in *Am. Car Co. v. Alexandria Water Co.,* supra, (p. 525) : ". . . all the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears, on the face of the statement, to point the way to successful inquiry. Adherence to the terms of that statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without in fact, adding anything to the security of the parties having an interest in the building sought to be encumbered."

In the instant case plaintiffs informed defendant Short that they were filing a claim for a specific sum of money due them for labor and materials used in the installation of all heating and plumbing equipment in the building she had had constructed. This type of labor and material is so readily distinguishable in form, nature and design from any other used in the construction of a building that a requirement of a more detailed description would not only be in conflict with our earlier decisions but would also be of little advantage to the owner. Defendant Short was notified of the cost of the materials and labor for which payment had not been made and was told summarily what comprised these costs. This was sufficient to enable her to determine how much she should withhold from the contractor LeDonne .in order to avoid double payments, thereby serving the purposes of the Act of 1901, supra, and was descriptive enough to substantially comply with the requirements of section 8 of that Act.

Defendant Short has, on this appeal, raised for the first time the further objection that plaintiff failed to specify the dates when certain materials were furnished contrary to the provisions of section 8 of the Act of 1901, supra. This Court has repeatedly said that it would not consider on appeal a question which had not been raised

in the court below: *Henes v. McGovern,* 317 Pa. 302, 305, 176 A. 503; *Heinz v. Ruffsdale Distilling Co.,* 322 Pa. 309, 311; 185 A. 644; *Huffman Estate (No. 3),* 349 Pa. 59, 62, 36 A. 2d 640. For, as we said in *Gross v. Belmont Lab., Inc.,* 308 Pa. 358, 362, 162 A. 818: "We need not consider what is said in appellant's brief about laches, because the point is made for the first time in this court; if appellant had any confidence in it, he should have raised it in the court below so that both sides might have presented such evidence as was then available on the subject."

The description contained in plaintiffs' notice of intent to file their mechanic's lien having substantially met the requisites of section 8 of the Act of 1901, supra, the learned court below properly discharged defendant's rule for judgment on the whole record.

Order affirmed.