## Haas v. Mench

*Morris Efron*, for plaintiff.
*Milton Lowy*, for defendant.

HENNINGER, P. J., February 26, 1951.—Plaintiff, an attorney at law, sued defendant for $3,500 for services rendered as counsel in a divorce proceeding a mensa et thoro, instituted against defendant. The complaint avers his being retained, diligent service for 20 months, protracted litigation involving hearings, depositions, petitions and arguments, preparation of briefs, review of cases, numerous lengthy telephone calls and conferences resulting in a final decree in divorce a vinculo matrimonii, ostensibly a totally lost cause, but a defeat cherished by defendant.

Defendant filed preliminary objections: (1) Complaint is indefinite, vague and lacking in particularity; (2) lump sum claim; (3) no book entries; (4) success of litigation due to other lawyer's efforts.

The fourth objection as above summarized is an answer on the merits and not the subject of preliminary objection.

The first three types of preliminary objections can be considered together and their answer depends upon the nature of a lawyer's claim for compensation. Is it for the total of individual items, each separately charged, or is it one charge for a service that involved many intermediate acts on the attorney's part?

Attorneys' fees are not determined by specific charges for particular acts done in the effort to produce a result desired by the client. The factors have been frequently pronounced by our courts, more recently in Robbins v. Weinstein, 143 Pa. Superior Ct. 307, 314, cited with approval in Huffman Estate (No. 3), 349 Pa. 59, 64:

"In the absence of a special agreement, an attorney is entitled to be paid the reasonable value of his services. In addition to the labor and time involved, other factors must be taken into consideration, such as the character of services rendered, the importance of the litigation, the skill necessary, the standing of the attorney, the benefit to be derived from the services rendered, and the ability of the client to pay, as well as the amount of money involved."

It is clear, therefore, that the sum claimed is plaintiff's evaluation of the quantum meruit for his total service to defendant and not a lump sum at all, that there need be no such thing as book entries since there is no specific charge for the several services supporting only a few of the elements involved and that there is no vagueness or lack of particularity in failing to itemize those intermediary services.

Plaintiff's claim will not be higher or lower for a few more or less telephone calls or hours spent on defendant's case and, therefore, while the relative amount of such services is a factor in determining a fee, the exact amount is not.

Now, February 26, 1951, defendant's preliminary objections to plaintiff's complaint are dismissed and defendant ordered to answer upon the merits within 20 days after service of this order on him or his counsel, or suffer judgment to be taken against him.