## CALVIN v. RAFFERTY.
### No. 11790.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 18, 1953.

Decided April 8, 1954.

Petition for Rehearing Denied May 5, 1954.

Mr. T. Bruce Fuller, Washington, D. C., for appellant.

Mr. William T. Hannan, Washington, D. C., with whom Mr. Ralph F. Berlow, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Margaret Jean Calvin brought suit in the District Court to recover the proceeds of two promissory notes alleged to have been delivered to her former attorney, defendant below, for collection. He admitted delivery of the notes and collection of their proceeds but contended that plaintiff gave the notes to him for collection on behalf of her nieces and nephews as the rightful owners. Defendant further contended that the notes represented part of the price received

from the sale of 1773 Lanier Place, N. W., Washington, D. C.,[1] that when the notes were fully collected ownership of said property was the subject of litigation between plaintiff and her nieces and nephews,[2] and that when judgment therein for the nieces and nephews became final he paid the proceeds to them, less a reasonable attorney's fee.

Defendant moved for summary judgment on the grounds that the pleadings and affidavits presented no genuine issue of fact and that res judicata barred the suit. Plaintiff filed a cross-motion for summary judgment. Without specifying the basis, the court entered summary judgment for defendant. Plaintiff appeals.

To sustain the defense of res judicata appellee argues (1) the final judgment[3] in Civil Action No. 28,078, note 2, supra, required him to pay the proceeds of the notes to appellant's nieces and nephews, (2) ownership of the Lanier property, source of the notes, was finally adjudicated adversely to appellant in said Civil Action, and (3) even were this not so the matter was necessarily and properly involved and should have been litigated in that action. These contentions aside—and each is countered by appellant[4]—affirmance is required because the action is barred by the statute of limitation.[5] The proceeds of the notes were finally collected and first demanded from appellee in May, 1947, almost five years prior to the bringing of this suit in February, 1952. The applicable period of limitation is three years from accrual of the right to maintain the action.[6]

Appellant urges that a proceeding such as this to order an attorney to pay over funds collected for a client is equitable in nature and hence the limitation referred to does not apply. The argument apparently rests upon the premise that an attorney is a trustee of funds collected for a client. We are not called upon to decide this question, as to which see Campbell v. Wilson, 13 D.C. (2 Mackey) 497, 499; Sneed v. Hanly, C.C.Ark., 22 Fed.Cas. 712, No. 13,136; In re Huffman's Estate, 349 Pa. 59, 62–63, 36 A.2d 640, 642–643, 151 A.L.R. 1384, for in any event a demand made upon the attorney for the collected funds would terminate the trust, and an action thereafter initiated to recover them would be subject to the statute of limitation. Campbell v. Wilson and Sneed v. Hanly, supra; Egerton v. Logan, 81 N.C. 172, 177. Appellee was holding the monies in question adversely to appellant at least since May, 1947, when demand was made on her behalf, refused by appellee's letter of May 26, 1947. Her action filed in February, 1952,

1. Defendant's answer alleged the sale of another property as source of the notes, but in pretrial and subsequent proceedings, including the appeal, the Lanier property is conceded to be the source.

2. Calvin v. Gormley, et al., Civil Action No. 28,078, in the United States District Court for the District of Columbia. See Calvin v. Calvin, 94 U.S.App.D.C. —, 214 F.2d 226.

3. "5. That Joseph A. Rafferty forthwith convey title to Lot 823 in Square 562 improved by the premises 219 H. Street, N.W., in the District of Columbia, and all rents, profits, monies or emoluments in his hands as trustee to Mabel C. Anderson, Arthur Calvin, Edith A. Calvin, Helen Humphrey, Ralph C. Humphrey, Margaret G. McClymonds, Dorethot G. Prescott and Phyllis Brown Leonard, Carol Brown and Lois Brown aforesaid as tenants in common in accordance with the conclusions of law filed herein."

4. The record furnishes no basis whatever for questioning the good faith of appellee attorney.

5. Appellant appears to contend that the motion for summary judgment did not specify this ground. But the statute was pleaded and if it is a good defense we should not disturb the judgment. Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 150 F.2d 997, 1000–1001, certiorari denied, 326 U.S. 777, 66 S.Ct. 267, 90 L.Ed. 470. See, also, Reynolds v. Needle, 77 U.S.App.D.C. 53, 132 F.2d 161.

6. § 12–201, D.C.Code (1951).

232

accordingly came too late to withstand the defense of limitation.[7]

Affirmed.

7. Though the complaint alleges that plaintiff is entitled to "an accounting" by the defendant and demands that he "be decreed to account for and delivery [sic] to plaintiff whatever amounts which has [sic] come into his possession from the collection of said notes, together with interest thereon from the date of the collections," the amount sought to be recovered is specifically set forth. We therefore do not construe the action as one for an accounting which would be equitable in nature, foreclosing application of the statute of limitation.