## Ware Estate

*Robert A. Detweiler*, for the accountant.

*Charles L. Guerin, Jr.*, for the Commonwealth.

BOLGER, J., November 23, 1954.—Decedent died September 22, 1953. He was not survived by spouse or issue.

Letters testamentary were granted to Isabelle Finley Charlton on October 9, 1953; proof of publication of the grant of letters was submitted.

Payment of transfer inheritance tax in the sum of $650.50 on August 19, 1954, prior to appraisement, was duly vouched.

By his will dated January 12, 1948, a copy of which is annexed hereto, decedent gave to Florence Rowe $600 provided she survived him and he gave $500 to

St. Matthew's Church, Francisville, and directed that these gifts be paid from his Philadelphia Saving Fund Society account. In the event of the death of Florence Rowe before the death of testator, he gave the entire balance of his account above identified to St. Matthew's Church, Francisville, Philadelphia, Pa. He also gave to Florence Rowe his ring with the initial "W" on it. He gave the rest of his estate to Isabelle Finley Charlton provided that if she predeceased him, the residue of his estate is to be paid to Isabelle Charlton Hofmann and he appointed Isabelle Finley Charlton sole executrix.

Florence Rowe predeceased testator.

Isabelle Finley Charlton survived testator, but died April 29, 1954. Letters testamentary in her estate have been granted by the Register of Wills of Delaware County to Isabelle C. Hofmann.

At the audit counsel for the accountant stated that the register of wills disallowed an item of counsel fees by reducing the amount claimed for taxes and shown in the account from $264.25 to $150.

It is to be noted that the accountant included in his inventory the following asset: "Northwestern National Bank checking account in joint names of William M. Ware and Isabelle Charlton, $6,843.25. . . . $3,421.63".

It is admitted by accountant that the full possession and enjoyment of the balance on deposit became the property of the surviving joint tenant immediately upon the death of this testator and that as executrix she had no claim to any part of the account. It should be noted now that Isabelle Charlton was executrix, residuary legatee and also the surviving joint tenant.

The Deputy Attorney General representing the register of wills refers to the Act of June 20, 1919, P. L. 521, 72 PS §§2301, 2302, as amended, which imposes the tax. This act does not place any responsibility upon

the executor to report, collect or remit the tax. It is to be noted, however, that in the forms promulgated by the register of wills, an executor is required to report any jointly owned property of which he has knowledge as well as any other property which might be taxable although it would not pass through the hands of the executor or administrator.

Counsel for the register of wills also points out that in determining the clear value of the entire taxable estate, the act fails to provide for any deductions allowable out of property which had been jointly held by decedent: 72 PS §2302.

Counsel for the accountant contends that using the measuring rod of five per cent for counsel fees, if the register of wills had applied the percentage basis, he would have been obliged to allow only $93.75, five per cent of the assets which belonged solely to decedent at the time of his death and by agreeing to permit counsel to charge $150 he has in effect taken into consideration the jointly held property. This argument ignores the basic principle that the things to be taken into consideration in determining compensation to be recovered by an attorney are the amount and character of the services rendered, the labor, the time and the trouble involved, the character and importance of the litigation, the amount of money and the value of the property affected, the professional skill and experience called for, the standing of the attorney in his profession: Huffman Estate (No. 3), 349 Pa. 59.

Counsel also urges by referring to Cochrane's Estate, 342 Pa. 108, that the Supreme Court contemplates the estate of decedent for tax purposes to include the entire taxable estate. That decision also decides "for the tax on other assets of the estate, which do not pass through its [sic, the executors] hands, the Commonwealth must look to the individuals receiving the property."

Counsel for the accountant finally urges that because the attorney advised his client to include the jointly held property in the inheritance tax affidavit, he has thereby rendered a service to the Commonwealth. The act imposing the tax charges the bank with the responsibility of informing the Commonwealth when it learns of the death of a joint depositor. Upon receipt of the information, the Commonwealth sends it to its local agent, the register of wills, for collection purposes, whereupon the necessity of locating the surviving depositor and collecting the tax may involve substantial effort. Of course, this argument cannot justify a charge against the estate.

In this decedent's estate, the attorney for the executor had no responsibility to investigate the origin and validity of the contract made by decedent and the surviving joint tenant with the bank. In fact, he was under no obligation to perform any services with respect to the joint account. He has failed to justify the additional fee as a charge against the estate. The auditing judge is of the opinion that the $150 allowed to him for tax purposes is adequate compensation. Therefore, the disallowance of the credit of counsel fee in the full amount requested is sustained. There was no objection to the counsel fee by any other party in interest, however, and it, therefore, will not be reduced except for the purpose of determining transfer inheritance tax. One half of the joint account should not have been included in the inventory and must be stricken. This was not an asset of the estate nor was it an asset to which the executor had any colorable claim. Accordingly, $3,421.63 is stricken from the account.

The account shows a balance of principal of $3,686.80, from which deduct $3,421.63, leaving a balance of $265.17, all of which is awarded to St. Matthew's Church, Francisville, Pa. Since it represents

balance of cash remaining in the estate and not necessary for the payment of debts and administration expenses, this award is subject to payment of balance of transfer inheritance tax which may be assessed and found due provided, however, that the tax shall be computed for the purposes of a credit only on the clear value of the assets owned solely by decedent. The tax on the jointly held property shall be paid by the surviving joint tenant.

Leave is hereby given the accountant to make all necessary transfers and assignments.

The accountant will submit a schedule of distribution, in duplicate, and counsel will certify that it is correct and in exact conformity with this adjudication.

And now, November 23, 1954, the account is confirmed nisi.