Danovitz *v.* Portnoy, Appellant.

Argued April 21, 1960. Before Jones, C. J., Bell, Musmanno, Jones, Cohen and Eagen, JJ.

*Lester H. Novack,* with him *Everett B. Dennis,* and *Dennis, Lichtenstein, Cohen & Dennis,* for appellant.

*John Rogers Carroll,* with him *McBride, von Moschzisker, Bradley and Carroll,* for appellee.

Opinion by Mr. Justice Benjamin R. Jones, May 23, 1960:

On October 13, 1959 Anna Danovitz, through her counsel, petitioned Court of Common Pleas No. 1 of Philadelphia County for leave to enter a judgment in the amount of $10,000, with interest, against A. Portnoy, her brother, upon a judgment note admittedly executed by Portnoy which contained a warrant of attorney authorizing confession of judgment. Although undated, the note was executed in May, 1931, approximately 28 years prior to the presentation of this petition. Attached to the petition, in addition to the note, was an affidavit by Mrs. Danovitz that Portnoy had executed the note, that, notwithstanding previous demands, no part of the note had been paid, that the note was in default and that the entire balance, with interest, was due.

In accordance with Rule 907 of the Rules of the Court of Common Pleas of Philadelphia County, the court granted a rule upon Portnoy to show cause why judgment should not be entered on the note. Portnoy's answer admitted execution of the note but averred that the note was either, presumptively or actually, paid. After depositions were taken and argument had on the petition, answer and depositions, the court below made the rule absolute and directed the entry of judgment. From the entry of such judgment this appeal was taken.

Portnoy's contentions are three-fold: (1) that Mrs. Danovitz is guilty of laches and her right to enter judgment is barred by her unexplained failure to proceed upon the note during the twenty-eight year period; (2) that Mrs. Danovitz failed to sustain her burden of proof to overcome the presumption that this note containing a warrant of attorney more than twenty years old has been paid; (3) that the court below was unwarranted in finding that the testimony of one party was worthy of belief, despite its contradiction by the testimony of the other party, when such testimony was taken by depositions outside the presence of the hearing judge.

The defense of laches—an affirmative defense—was not raised in the pleadings nor at any time in the court below. Laches, not having been raised in the court below, cannot now be considered by this Court. In *Gross v. Belmont Laboratories, Inc.*, 308 Pa. 358, 162 A. 818, we stated: "if appellant had any confidence in it [that is the contention as to laches], he should have raised it in the court below so that both sides might have presented such evidence as was then available on the subject." See also: *Kweller, to use v. Becker*, 338 Pa. 169, 172, 12 A. 2d 567; *Coral Gables v. Jones*, 323 Pa. 425, 187 A. 434; *Maguire v. Wheeler*, 317 Pa. 193, 176 A. 441.

Mrs. Danovitz had the burden of establishing a prima facie case in favor of the note and the warrant therein. Unlike a rule to open judgment, a petition seeking leave to enter judgment upon a note containing a warrant of attorney over twenty years in age requires that the petitioner submit proof sufficient in quantity and quality to overcome the presumption of payment which the lapse of time raises. The Superior Court in *Keiber v. Keiber,* 90 Pa. Superior Ct. 116, 118, well stated: "The purpose of these rules is not to fix and establish the exact amount due and payable on the instrument at the time it is presented for entry as a judgment note, as by proceedings to open the judgment, but to overcome the apparent laches in entering judgment and satisfy the court that the signature to the note is genuine, that it is a valid and subsisting obligation and that the maker is living; and also in the case of warrants, etc., over twenty years old, to rebut the presumption of payment arising from the lapse of time; as *by showing a demand of payment, and acknowledgment of the debt*: 1 Troubat & Haly's Practice (Brightly's Ed.) Sec. 440, 6th Ed. (Bolles & Kirkpatrick) p. 602. The rule issued, as respects warrants over twenty years old, is not to determine the exact amount due on the note but to show cause why judgment should not be entered upon it. *If on the rule a prima facie case is made out in favor of the note, judgment should be entered*—thus securing the plaintiff his lien on the defendant's real estate—, *leaving any substantial dispute as to the precise amount due to be settled by a rule to open."* (Emphasis added).

Judge HAGAN of the court below stated: "On the basis of the above quoted language it is clear that if plaintiff made out a prima facie case of a demand of payment by the plaintiff and an acknowledgment of the debt by defendant, plaintiff was entitled to have her

rule made absolute, leaving any substantial dispute as to payment to be settled by a rule to open. In examining plaintiff's depositions we find that plaintiff did make out such a prima facie case. Thus, plaintiff, after testifying that defendant executed the note in question after having received certain insurance proceeds, was asked: 'Q. Has he [defendant] ever paid it back? A. No, he promised to, but he never did. Q. When did he promise you? A. He has been promising all along' (N.T. 6).

"Again, at page 28 of the notes of testimony, plaintiff was asked: 'Q. When was the last time, prior to the start of this suit, that you demanded payment of that $10,000 from your brother, Abe? A. I have been asking him all the time, but he never made any effort to pay. I figured I would wait a while because he gave me the other money, and I figured I would wait. Q. When did you last ask him before this suit began? A. I have been asking him a long time. I don't know what you mean. Q. You mean that since 1931, at the time you delivered this money to your brother, from then up to the present time, you have been asking him all along for this money? A. Yes, he made promises and promises, but he never kept his promises and so I started this suit.'

"Since plaintiff in her own case made out a prima facie case sufficient to rebut the presumption of payment, she was entitled to have her rule made absolute and it is not necessary to examine defendant's testimony. When we do so, however, we find that defendant's testimony was quite confused and confusing. Defendant appeared at times to be contending that he received no consideration for the note in question. At other points in his testimony defendant appeared to be relying upon a compromise settlement of all of plaintiff's claims against him, including the claim upon

the note which is the subject matter of this case (see N. T. 58, 99 and 102). Defendant also testified that from 1931 until the present action was instituted plaintiff never made any demand from him, either with respect to the note which is the subject matter of this case or any other notes which he executed (N. T. 60-61). Later in his testimony, however, defendant admitted that not only was demand made, but that part payment was actually made by him (although defendant contended that the part payment was made with respect to other notes, not the one here in issue) (N. T. 68, 76).

"From a review of the testimony of both parties, we think it clear that plaintiff made out a prima facie case of non-payment sufficient to rebut the presumption of payment, that any substantial dispute as to payment should be determined upon a rule to open the judgment, and that plaintiff's rule for leave to enter judgment was properly made absolute."

Our own independent review of the testimony taken by way of depositions makes evident that Mrs. Danovitz did make out a prima facie case of non-payment sufficient in quantity and quality to rebut the presumption of payment and to justify the grant of leave by the court to enter a judgment upon this note.

Lastly, while it is true that Judge HAGAN neither saw nor heard the witnesses who testified upon depositions, it was clearly within his authority to pass upon such testimony. Appellant urges *Gaston Estate,* 361 Pa. 105, 112, 62 A. 2d 904 dictates an opposite conclusion. In *Gaston* we said: "We said in Kirshon et ux. v. Friedman, 349 Pa. 171, 181, 36 A. 2d 647: 'It is an elementary principle that in considering the credibility of witnesses, their manner of testifying, their apparent candor, intelligence, personal interest and bias or lack of it, are to be considered in determining what weight

shall be given to such testimony.' See also Belmont Laboratories, Inc. v. Heist et al., 300 Pa. 542, 151 A. 15, and Jones v. Motor Sales Co. et al., 322 Pa. 492, 185 A. 809. 70 C.J. Sec. 952 makes this statement: 'In determining the weight to be attached to the testimony of a witness it is proper to consider his appearance, general bearing, conduct on the stand, demeanor, manner of testifying, such as candor or frankness, or the clearness of his statements, and even the intonation of his voice. So the positiveness of the witness, as well as his uncertainty as to the facts as to which testimony is given, may be considered.' " With that statement of the law we are in full accord. However, the instant factual situation presents a different situation. Judge HAGAN'S examination of this testimony and our independent examination of the testimony was confined to the printed testimony. On the face of this printed testimony, it is readily apparent that Portnoy's testimony is confusing and contradictory. Under such circumstances, the fact that the hearing judge did not see or hear the witnesses is of no moment; the bare record speaks eloquently of the contradiction and confusion so evident in Portnoy's testimony. Even so, apart from Portnoy's testimony, Mrs. Danovitz established a *prima facie* case sufficient to justify the court in allowing the entry of judgment.

Our ruling does not determine the essential validity of this judgment. Portnoy will have the opportunity upon a rule to open judgment, if he so chooses, to have the validity of the judgment, the fact of its payment or non-payment, etc., established. Mrs. Danovitz, by her testimony, has satisfied the requirement of Rule 907 under which this proceeding was instituted.

Judgment affirmed.