**First Eastern Bank N.A. v. Thomas**

*Thomas A. James,* for plaintiff.
*Donald Driscoll,* for defendant.

MYERS, *P.J.,* August 23, 1977 — On or about February 8, 1977, plaintiff filed an amended complaint in mortgage foreclosure. On February 28, 1977, defendant timely filed preliminary objections in the form of a motion to strike the portion of the amended complaint which requests attorney's fees.

Defendant asserts that the attorney's commission sought by plaintiff is not in conformity with law. We do not agree with defendant's position.

According to the Act of January 30, 1974, P.L. 13, 41 P.S. §406, plaintiff is entitled to recover attorney's fees which are reasonable and actually incurred upon commencement of the foreclosure action. Defendant does not dispute the fact that the fees were "actually incurred," that is, the full amount of the fee was in fact paid by plaintiff to its attorney.

However, defendant claims that the amount of the attorney's fee, $890.96, is "per se unreasonable," because it is based upon ten percent of the mortgage principal due. This assertion is clearly without merit.

Under some circumstances, a fee based upon the percentage of the principal due may be unreasonable, or even unconscionable. For example, if the principal were a very large sum, and if the foreclosure required minimal, rudimentary legal expertise, then the ten percent formula might well produce an unreasonable fee.

However, in determining whether a fee is in fact unreasonable under section 406, the method of calculating the fee has little relevance. Even if the instant fee had been calculated by using some other

formula, the resulting commission would still not necessarily be unreasonable.

Clearly, section 406 does not require that the method for *calculating* the fee be reasonable. Rather, section 406 plainly concerns the reasonableness of the *actual fee* charged, whatever the method of calculation.

The relevant factors in determining the reasonableness of a fee are as follows: the amount and character of the services rendered; the labor, time and trouble involved; the character and importance of the litigation; and the amount of money or value of property affected, the professional skill and experience called for; the standing of the attorney in his profession; the ability of the client to pay; and the pecuniary benefit derived from the services: Huffman Estate (No. 3), 349 Pa. 59, 36 A. 2d 640 (1944).

Applying these factors to the instant case, we conclude that $890.96 is a fair, equitable, and reasonable commission for the work performed, which included, inter alia, preparing and filing a stipulation of counsel; preparing and filing an amended complaint in mortgage foreclosure; opposing the instant preliminary objection filed by defendant; and other ancillary duties involved in foreclosing on a mortgage.

Accordingly, defendant's motion to strike must be dismissed.

## ORDER

And now, August 23, 1977, defendant's preliminary objections are dismissed. Defendant is hereby granted leave to file an appropriate responsive pleading to plaintiff's complaint within 20 days of service of this order.